USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

GERRICK D. GAMBRELL,

Defendant.

25-cr-256 (MKV)

ORDER DENYING REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of a motion by Defendant seeking early termination of the term of supervised release previously imposed upon him at sentencing. [ECF No. 3]. As reflected in a response dated July 15, 2026, and emailed to Chambers (the "Probation Response" or "Prob. Resp."), Probation does not oppose Defendant's request, notwithstanding that "agency policy generally does not support recommending early termination for individuals designated as a 'career offender.'" Prob. Resp. at 3. The Government filed an opposition on the docket. [ECF No. 8]. Defendant replied. [ECF No. 9].

By way of brief background, Defendant was previously sentenced in the Eastern District of Virginia, following a conviction on one count of conspiracy to distribute heroin in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(i), to 360 months of imprisonment and a mandatory minimum term of supervised release of five years. *See* [ECF No. 2] at 1, 3; [ECF No. 8] at 1; 21 U.S.C. § 841(b)(1)(A)(i). Upon a motion by Defendant invoking a then-recent retroactive amendment to the United States Sentencing Guidelines, the term of incarceration was subsequently reduced to 292 months. *See* [ECF No. 2] at 7–8. He was thereafter granted clemency by then-President Biden. *See* [ECF No. 3] at 1.

The five-year term of supervised release has not been vacated or otherwise modified. Defendant commenced supervised release on or about April 11, 2025. *See* Prob. Resp. at 1. Jurisdiction was transferred to this District on June 4, 2025. [ECF No. 1]. According to Probation, Defendant "has been transferred to our district's administrative caseload, where his reporting requirements are minimal, and he is only required to submit monthly supervision reports online." Prob. Resp. at 3.

The Court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In undertaking this assessment, the Court "is required to consider the factors in Section 3553(a) that 'bear on "deterrence, public safety, rehabilitation, proportionality, and consistency."'" *United States v. Mejia*, No. 13 CR. 617-1 (KPF), 2025 WL 3779083, at *2 (S.D.N.Y. Dec. 30, 2025) (quoting *United States v. Gonzalez*, No. 94 Cr. 134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997))). These include "the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *Mejia*, 2025 WL 3779083, at *2; *see also Esteras v. United States*, 606 U.S. 185, 188 (2025).

"Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). As Defendant recognizes, [ECF No. 9] at 3, "early termination is not warranted where a defendant did nothing more than that which he was required to do by law." *United States v. Rusin*, 105 F. Supp. 3d 291, 292–93 (S.D.N.Y. 2015) (citation modified). And he does not point to anything else that could conceivably "render [the] previously imposed term . . . either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36. Indeed, it is difficult to see how he could, given the extent to which Probation has relaxed the applicable reporting requirements. Moreover, "as a general matter, . . . Congress has determined that Defendant's offense necessitates a mandatory minimum term of supervised release of five years." *United States v. Guerrero-Fajardo*, No. 23 CR. 210, 2024 WL 3925338, at *2 (S.D.N.Y. Aug. 23, 2024) (citation modified, citing 21 U.S.C. § 841(b)(1)(A)).

Consideration of the relevant Section 3553(a) factors convinces the Court that it would not be in the interest of justice to terminate the supervision of Defendant at this point. *See, e.g.*, *United States v. Dussard*, No. 16 CR. 673-2 (GBD), 2025 WL 2710212, at *2 (S.D.N.Y. Sept. 23, 2025) ("While this Court is pleased that defendant maintained a good record while incarcerated and appears to have adjusted well to supervised release, 'full compliance with the terms of supervised release is what is expected of him and does not warrant early termination.'" (citation modified,

quoting *U.S. v. Rasco*, No. 88-CR-817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000)); *United States v. Wheeler*, No. 1:20-CR-492-GHW, 2025 WL 1295610, at *2 (S.D.N.Y. May 5, 2025) ("The Court accepts [defendant's] proffer that he has done well for his time on supervised release to date: however, the facts that he has identified do not justify early termination on this record."); *United States v. Pena*, No. 08-CR-578 (JGK), 2022 WL 2733871, at *1 (S.D.N.Y. June 27, 2022) ("None of [the Section 3553(a)] factors have changed and those factors do not indicate that a term of supervised release that is about half the one originally imposed is in the interests of justice.").

Accordingly, Defendant's motion seeking early termination of supervision is DENIED. The Clerk of Court is respectfully requested to terminate docket entry number three.

**SO ORDERED.**

Mary Kay Vyskocil

**Date: October 5, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**